## TALMAGE & AL. vs. PATTERSON.

APPEAL from the court of the parish and city of New-Orleans.

An administrator does not become personally liable, on his letter announcing the sale of the property of the estate, and the debt would be paid as soon as the money was collected—even on proof of such collection.

MARTIN, J. delivered the opinion of the court. The plaintiffs sued the defendant in his individual character, for a debt due to them by the estate of Wm. Dame, deceased, of whom the defendant is administrator, on the ground that he has received funds of the said estate, sufficient to pay said debt, and that he wrote to the plaintiffs that their debtor was dead, that he (the defendant,) had been appointed administrator of the estate, that he had sold the property at twelve months, and that they should have their money *as it is collected;* and the defendant neglected to answer the plaintiffs interrogatory, "Whether he had not received

sufficient funds, belonging to the estate, to pay the plaintiffs claim."

Eastern Dis.
*March*, 1828.

Talmadge
& al.
*vs.*
Patterson.

The parish judge gave judgment for the defendant, being of opinion that the plaintiffs had not shown a sufficient cause of action.

The defendant was appointed administrator to the estate of the plaintiff's debtor in the territory of Arkansas, and wrote the letter *produced* against him, to inform the plaintiffs of this circumstance and announcing the sale of the property on a credit, and that the debt would be paid as soon as funds were collected.

In doing so the defendant did his duty as administrator; and we think the parish judge acted correctly in declaring that he (the defendant) had not been made himself *personally* responsible—neither does his admission (resulting from the failure to answer the plaintiff's interrogatory) make him so—for, it at most shews that assets came to his hands—but this does not make him liable in his individual capacity, nor does his letter which is evidently written in his capacity of administrator.—*Chitty on Contracts*, 84.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed with costs.

*Christy & Cenas* for the plaintiffs, *Nixon* for defendant.